54 CCPA

**Application of Raymond C. WALLACE.**
**Patent Appeal No. 7788.**

United States Court of Customs
and Patent Appeals.
May 4, 1967.

Raymond C. Wallace, pro se.

Joseph Schimmel, Washington, D. C. (Joseph F. Nakamura, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges, and WILLIAM H. KIRKPATRICK.*

KIRKPATRICK, Judge.

Raymond C. Wallace appeals from a decision of the Patent Office Board of Appeals affirming the examiner's rejection of claims 1–5 in application serial No. 78,200, filed December 20, 1960, for "Permanently Clean Solder Fitting." No claim has been allowed.

Appellant's invention pertains to copper fittings which are protected from air-oxidation so that the fittings may be subsequently soldered to other tubular members without the necessity of removing any surface film or coating. The invention calls for coating freshly prepared fittings with a non-metallic material which is compatible with solder flux and solder so that this non-metallic material need not itself be removed prior to soldering. Examples of such non-metallic materials given in the application are rosin or rosin with a chloride such as zinc or ammonium chloride. The coating of rosin prevents the surfaces of the copper fittings from coming into contact with the atmosphere and thus prevents the formation of oxides on such surfaces which interferes with the formation of good soldered joints. Normally, copper fittings must be cleaned immediately before soldering to remove the oxide film but the present invention would obviate such cleaning step.

Claim 1 is the broadest claim on appeal and it reads:

1. The method of preparing a cuprous fitting which will corrode in the atmosphere which comprises working of the surface thereof in its formation to clean the surface and then before oxidation or scale forms on the surface, coating the surface with a nonmetallic material which will maintain said surface clean and which material will be compatible with solder flux and solder for soldering said fitting to another part without removal of said coating.

Claim 2 calls for the storing of a treated fitting prior to soldering. Claims 3 and 4 depend from claims 1 and 2, respectively, and call for rosin as the coating material. Claim 5 claims substantially the product of claim 1.

The references relied on are:

| Dugan et al. | 2,224,145 | December 10, 1940 |
|---|---|---|
| Evans et al. | 2,480,723 | August 30, 1949 |
| Brown et al. | 2,907,104 | October 6, 1959 |
| | (Filed | April 1, 1955) |

Dugan et al. disclose a method of making pipe connections wherein a freshly machined coupling is coated with a suitable metallic sealing medium such as a commercial solder. The coating of sealing medium or solder prevents the formation of any scale thus making preliminary cleaning operations unnecessary. The patentees noted that the method is "applicable to copper, aluminum and other tubular members as well as those composed of ferrous alloys."

The Evans et al. patent discloses a solder-flux mixture which can be employed upon surfaces which would be bonded to other surfaces by soldering. This mixture is made of hydrogenated rosin and a volatile alkali such as ammonium hydroxide, dispersed in water and having solder particles suspended therein. The mixture can be applied to metal surfaces to form an adherent nonbrittle coating which serves to "protect

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

this surface and the solder particles against air-oxidation."

Brown et al. disclose a method of soldering aluminum parts by first removing the aluminum oxide film from the surfaces thereof in an acid bath and then coating the clean surfaces with a solution of rosin in alcohol to form an air-excluding flux layer thereon. Brown et al. indicate that aluminum and its alloys have been difficult to solder because the oxide coating which forms on the surface of the metal upon exposure to air has prevented the solder from "wetting" the material. The coated aluminum parts of Brown et al. may be attached to other parts by conventional soldering methods to obtain a joint of excellent quality.

The examiner rejected all claims under 35 U.S.C. § 103, over Dugan et al. in view of Evans et al. It was the examiner's contention that Dugan et al. show all the structures, steps and materials of these claims with the exception of the non-metallic material. It would be obvious, in the examiner's view, to substitute the rosin-solder composition of Evans et al. for the solder sealing medium of Dugan et al. Moreover, the examiner points out that Evans et al. state that the coating protects the metal surface and the solder particles, thus showing that the rosin alone is the protective material. The Brown et al. patent was first cited in the examiner's Answer with the following explanation:

This patent is not being relied on in the rejection of these claims but is employed merely as evidence that it was obvious at the time the parent application to this case was filed to employ a coating of rosin alone to protect cleaned oxide-free surfaces of a metal member from air-oxidation * * *

In affirming, the board said:

We have reviewed the rejection as made in the Answer in the light of the brief and reply brief and find that we are in substantial agreement with the Examiner. Thus, we hold that the sole argued novelty is made obvious by the art.

Both Evans et al. and Brown et al. disclose the use of rosin to prevent oxidation of metal surfaces, Evans et al. mentioning can ends of tin plate and Brown et al. mentioning aluminum. We are of the opinion that these patents alone teach that rosin will protect any metallic surface, including copper, from oxidation.

Thus, to use this concept with the conventional copper fitting of Dugan et al. is without patentable merit.

We agree that the disclosure of Evans et al., that the rosin-solder coating would protect the coated metal surface and the solder particles against air-oxidation makes it obvious that rosin alone will protect the metal surface. Furthermore, in view of the disclosure of Dugan et al., we think it would be nothing more than an obvious expedient to protect copper fittings with a sealing coating of rosin.

Appellant contends that the method of Brown et al. will not work and that neither Evans et al. nor Dugan et al. show "nonmetallic" coatings. With respect to the first of these contentions, we remain of the view that appellant's invention is made obvious by the Dugan et al. and Evans et al. patents, as contended by the examiner and affirmed by the board. As to appellant's second contention, we read the Evans et al. patent as teaching that their coating of rosin protects both the metal surface and the solder particles against air-oxidation—the water and ammonia being driven off by baking in an oven. Clearly, the protective element of the coating of Evans et al. is the rosin.

Appellant has submitted several papers, e. g., trade notices and letters from various individuals, to show the unobvious nature of his invention. The solicitor contends that some of these papers are not properly before this court and that none of them is pertinent to the issue of obviousness in this case. We agree.

The decision of the board is affirmed.

Affirmed.